**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Norton Anthony Zimmerman, | ) | No. CV 11-8074-PCT-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Philadelphia Indemnity Insurance Co., et al., | ) | |
| Defendants. | ) | |

We have before us plaintiff's motion to remand (doc. 5), defendant Philadelphia Insurance Company's response (doc. 8), and plaintiff's reply (doc. 9). We also have defendant's motion to strike portions of plaintiff's reply, or alternatively, to file a sur-reply (doc. 10), and plaintiff's response (doc. 11).

**I**

Plaintiff was a passenger in a van that was in an accident caused by the negligence of the driver of another vehicle. The van was owned by defendant Arizona Labor Force ("ALF") and insured by a policy issued by defendant Philadelphia Insurance, which included underinsured motorist coverage. Plaintiff asserts claims for (1) a declaratory judgment that he is entitled to proceeds of the underinsured motorist provision of the policy, and (2) that he entitled to the proceeds of the policy as compensation for his damages.

Plaintiff filed this action in the Superior Court of Arizona in Yavapai County.

Defendants removed based on diversity jurisdiction. 28 U.S.C. § 1332. Defendant asserts that plaintiff is a citizen of Arizona and defendant Philadelphia Insurance is incorporated under the laws of Pennsylvania and has its principal place of business in Pennsylvania. Notice of Removal, ¶ 3, 9 (doc. 1). Defendant claims that ALF, an Arizona company, is a fraudulently joined "sham" defendant. Plaintiff argues that we lack diversity jurisdiction because either (1) ALF is not a sham defendant, and therefore there is not complete diversity, or (2) defendant Philadelphia Insurance should be considered a citizen of Arizona, pursuant to the "direct action" exception to diversity jurisdiction.

**II**

"Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Plaintiff's claims are against defendant Philadelphia Insurance, the insurer who issued the policy, and not against ALF, the insured. Pursuant to the terms of the underinsured motorist policy issued by defendant, as an occupant of the insured vehicle plaintiff is an insured himself. Notice of Removal, ex. F, "Arizona Underinsured Motorists Coverage" (doc. 1-1). As an insured, any claim plaintiff has is against the insurer. And regardless of whether he is entitled to recover under the policy, plaintiff has no claim against the insured. ALF has no interest in this action. Plaintiff's failure to state a claim against ALF is obvious, and we order defendant ALF dismissed.

**III**

For purposes of diversity jurisdiction, a corporation is a citizen of the state of its incorporation and where it has its principal place of business, except that "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place

1  of business." 28 U.S.C. § 1332(c)(1). Plaintiff argues that if AFL is a sham defendant, as
2  we have determined it is, then plaintiff's claims fall under the "direct action" exception to
3  diversity jurisdiction because the action is against the insurer and the insured is not joined
4  as defendant. Accordingly, Philadelphia Insurance would be considered a citizen of Arizona,
5  ALF's state of citizenship, and complete diversity would not exist.

The "direct action" exception applies to "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Searles v. Cincinnati Ins. Co., 998 F.2d 728, 729 (9th Cir. 1993). A "'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action.'" Id. Rather, a "direct action is one in which a plaintiff is entitled to bring suit against the tortfeasor's liability insurer without joining the insured." Id. at 730.

Plaintiff's argument against jurisdiction fails. Plaintiff alleges that as a passenger in the covered vehicle, he is an intended beneficiary of the Philadelphia Insurance policy. Notice of Removal, "Complaint," ¶ 14 (doc. 1-1). Pursuant to the policy, because the named insured is an organization (ALF), anyone occupying the vehicle is an insured. Arizona Underinsured Motorists Coverage at 38. Therefore, in accordance with both plaintiff's allegations and the terms of the policy, this is an action by an insured against his insurer. It is not an action against a tortfeasor's insurer, and does not fall under the "direction action" exception to diversity jurisdiction.

**IV**

Because we deny plaintiff's motion to remand, defendant's motion to strike plaintiff's reply is moot (doc. 10).

**V**

**IT IS ORDERED DENYING** plaintiff's motion to remand (doc. 5). **IT IS FURTHER ORDERED** denying defendant's motion to strike as moot (doc. 10).

/ / /

/ / /

**IT IS ORDERED DISMISSING** defendant Arizona Labor Force, Inc.

DATED this 18th day of August, 2011.

_____
Frederick J. Martone
United States District Judge